IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-289 |
| | ) | |
| BRETT MICHAEL DADIG | ) | |

**UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER**

AND NOW, comes the United States of America, by and through Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Nicole Vasquez Schmitt, Assistant United States Attorney for said district, and respectfully requests that this Court issue a Protective Order with respect to the government's disclosure of discovery and victim impact statements. In support of this request, the United States respectfully submits the following:

On November 7, 2025, a Criminal Complaint was filed charging defendant Brett Michael Dadig with three counts of cyberstalking (18 U.S.C. §§ 2261A(2)(A) and (B)). The defendant was arrested the same day. On December 2, 2025, the defendant was indicted by a federal grand jury on five counts of cyberstalking (18 U.S.C. §§ 2261A(2)(A) and (B)), six counts of interstate stalking (18 U.S.C. §§ 2261A(1)(A) and (B)), and three counts of interstate threats (18 U.S.C. § 875(c)). The defendant waived his right to a detention hearing without prejudice. The defendant will file a motion for a detention hearing later if the issue of bond becomes relevant.

Federal Rule of Criminal Procedure 16(d)(1) permits the Court to "deny, restrict, or defer discovery or inspection" of materials provided to the defense "for good cause." The Supreme Court has sanctioned the use of protective orders, directing that, "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted

disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

The alleged conduct that forms the basis of the Indictment involves 11 victims. The Crime Victims Rights Act affords crime victims "the right to be treated with fairness and respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8). If a detention hearing is scheduled, the government intends to introduce victim impact statements. In addition, the government will be producing discovery to the defendant. All material to be provided to the defendant contains sensitive information relating to the defendant's victims. The Indictment alleges that the defendant harassed, stalked, threatened, and intimidated his victims using social media, podcasts, and telephone calls, including by posting the victims' private information online. The Indictment also alleges that the defendant continued his harassing posts and podcasts even after being incarcerated for violations of Pennsylvania Protection from Abuse Orders. Based on the nature of the conduct described in the Indictment, the government has serious concerns that, if the defendant is provided with copies of the discovery material and victim impact statements, he could use that to further harass or threaten his victims. As such, the government requests that neither the defendant nor his family members, friends, or associates be provided with copies—hard or electronic—of the discovery material and victim impact statements. This is subject to one exception—if the defendant remains incarcerated at the Butler County Prison, he will be provided access to the discovery materials as set forth below.

Due to the sensitive nature of the materials (including a concern for the safety and privacy of government witnesses), the United States requests that this Court enter a Protective Order limiting the defendant's use, reproduction, and dissemination of such materials. Specifically, the government requests that:

1. The discovery materials and victim impact statements, including any future disclosures of discovery that identify witnesses and/or victims of the charged crimes (together, the "Protected Material"), shall not be further disseminated by the defendant, or his respective counsel of record, or any individual associated with them, to any individuals, organizations or other entities, other than persons formally engaged to assist in the defense (defined as persons who are included within the attorney-client privilege, regardless of whether they receive remuneration), including experts retained by the defendant in connection with the criminal case.

2. The defendant, including defendant's counsel and persons engaged to assist in the defense, may use the Protected Material only for the limited purpose of defending the criminal case and not for any other purpose.

3. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the Protected Material absent an order from this Court.

4. The Protected Material shall be retained by defense counsel and no copies will be left with the defendant or his family members, friends, or associates, with the following exception:

    a. If the defendant remains incarcerated at the Butler County Prison, he will be provided with the Protected Material (minus the victim impact statements) on encrypted drive(s). Pursuant to the policies and procedures of the Butler County Prison, the defendant will be permitted to use the drive(s) in the prison discovery room, which has computers that do not have

access to the internet and are not connected to a printer. The drive(s) will be given to the defendant when he enters the designated room and returned to Butler County Prison officials when the defendant exits the room, at which time the drive(s) will be returned to secure storage. The defendant will view the discovery only while alone in the designated room, and he shall terminate his review of the discovery if at any time another prisoner is permitted to enter the computer room. This exception applies only while the defendant is detained at the Butler County Prison. If at any point he is transferred to a different facility or released from custody, this exception shall not apply.

5. All copies of the Protected Material provided to defense counsel shall be returned to the United States upon completion of any prosecution.

The government submits that the facts here support the "good cause" required for a protective order under Rule 16(d)(1) and that the enclosed Protective Order is appropriate, given the sensitive nature of the Protected Material. Therefore, the government respectfully requests that the Court authorize the enclosed Protective Order. A proposed Order is attached.

Defense counsel consents to the relief requested in this Motion.

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*s/Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
Nicole.Vasquez.Schmitt@usdoj.gov
PA ID No. 320316