**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 25-289 |
| v. | ) | |
| | ) | |
| BRENT DADIG | ) | |

**NOTICE OF PROPOSED ADDITIONAL CONDITIONS OF SUPERVISED RELEASE**

The Court tentatively concludes that, as part of any sentence imposed in this case, a term of supervised release will be imposed. While on supervised release, the defendant shall comply with any mandatory, standard, and special conditions imposed. Set forth below are the proposed additional conditions of supervised release to be imposed in this case. Counsel for the defendant is directed to review the proposed conditions with their client.

Proposed Additional Conditions of Supervised Release

1. You must participate in a mental health evaluation and follow the recommendations of that evaluation, including any recommendation that you participate in an inpatient and/or outpatient mental health treatment program. You must follow the rules and regulations of the treatment program until satisfactorily discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office. The probation officer will supervise your participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program. You must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay. The probation office may provide a copy of the presentence investigation report to the mental health evaluator and mental health treatment provider, if so requested.

2. You must take all mental health medications that are prescribed by your treating physician. You must pay the costs of the medication.

3. You must not communicate, or otherwise interact, with any victims, either, either directly or through someone else, without first obtaining the permission of the probation officer

4. You are ordered to participate in cybercrime management and will inform your probation officer of all computer devices possessed or accessible to you. This includes: (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances. Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectible gaming systems. You will not

acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You are responsible for all computer monitoring and/or management costs for approved devices.

5. You are permitted use of standard computer devices (desktop/laptop computers, smart phones/tablets) with Internet access and will permit the Probation Office to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the Probation Office. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk, needs, and cybercrime management requirements. You are responsible for all computer monitoring and/or management costs for approved devices.

6. Non-standard computer devices possessed by you, or accessible to you, (such as Smart TVs, refrigerators, game systems, and personal assistants) shall be assessed by the Probation Office for risk and need of use. You must permit the Probation Office to configure and/or manage approved non-standard devices for compliance with your Court ordered conditions and cybercrime management requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

7. You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

8. You may be limited to two standard computer devices (desktop/laptop computers, smart phones/tablets) unless otherwise approved by your Probation Officer.

9. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

10. You must allow the Probation Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices or networked systems will be conducted to determine if they contain or allow access to any materials or capabilities that would violate court ordered conditions; or to determine if any programs or applications, settings, or configurations would be problematic for monitoring software (if ordered) and cybercrime management programs. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software (if ordered) is functional, that required configurations are unaltered, and that no circumvention efforts have been made to alter a device's operations or functionality.

11. Your use of standard computer devices (desktop/laptop computers, smart phones/tablets) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations.

12. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information including, but not limited to, copies of all federal and state income tax returns. The probation office may share financial information with the United States Attorney's Office.

13. You must not incur new credit charges or open additional lines of credit, to include the leasing of any vehicle or other property, without the approval of the probation officer while restitution or other court ordered financial obligations are outstanding.

14. If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

15. You must pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release in monthly installments of not less than 10 percent of your gross monthly earnings. The first payment is due within 30 days from your release from the custody of the Bureau of Prisons.

16. You must cooperate in the collection of DNA as directed by the probation officer.

August 11, 2026.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge